**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **PAVEL MAGANA ROCA** | **CASE NO. 1:26-CV-01512 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **TODD BLANCHE ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

**MEMORANDUM ORDER**

Before the Court is an Emergency Motion for Temporary Restraining Order ("TRO") [Doc. No. 17] filed by Petitioner, Pavel Magaña Roca ("Petitioner").

After careful consideration of Petitioner's filings and the applicable law, the Motion is **DENIED**.

## I. Background

Petitioner is a native and citizen of Cuba who entered the United States at Miami, Florida on or about March 28, 1995.[1] His status was adjusted to a lawful permanent resident on July 19, 2000, retroactive to his original arrival date.[2] On January 12, 2009, Petitioner was convicted in Florida state court for the offense of aggravated battery on a pregnant person—a felony according to Florida law—and sentenced to prison for thirty months.[3] The United States Department of Homeland Security served Petitioner with a Notice to Appear charging him as removable for violation of § 237(a)(2)(A)(iii) and § 237(a)(2)(E)(i) of the Immigration and Nationality

[1] [Doc. No. 13-1, p. 1]; [Doc. No. 13-2, p. 3]; [Doc. No. 17, p. 1].
[2] [Doc. No. 13-2, p. 3].
[3] [Doc. No. 13-1, p. 1]; [Doc. No. 13-2, p. 3]; [Doc. No. 17-1, p. 2].

Act ("INA").[4] On October 5, 2010, an immigration judge ordered Petitioner removed from the United States to Cuba.[5] Petitioner originally filed an appeal with the Board of Immigration Appeals, though subsequently withdrew his appeal making his removal order final on February 15, 2011.[6]

On May 15, 2011, Petitioner was released from U.S. Immigration and Customs Enforcement ("ICE") detention on an Order of Supervision.[7] Pursuant to 8 C.F.R. § 241.4(I), ICE revoked Petitioner's release and served him with a Notice of Revocation of Release determining that revocation was in the public interest and Petitioner's removal would be expeditious.[8] Petitioner was transferred to Port Isabel SPC facility in Los Fresnos, Texas in preparation for his third country removal to Mexico.[9] Petitioner "refused to get off the bus" at the point of entry and was transferred to Winn Correctional Facility in Winnfield, Louisiana.[10] On April 29, 2026, Enforcement and Removal Operations ("ERO") served Petitioner with Form-229—a Warning for Failure to Depart—and a Notice of Failure to Comply.[11] The Supervisory Detention and Deportation Officer stated that "ERO was unable to remove the Petitioner due to his failure to comply" and this "failure to comply has

[4] [Doc. No. 13-2, p. 3].
[5] [Doc. No. 13-3, p. 1]. Petitioner's petition for writ of habeas corpus [Doc. No. 1, p. 2] maintains that Petitioner's administratively final removal order was dated October 5, 2010. The final decision from the Board of Immigration Appeals, presented as an exhibit [Doc. No. 13-4] confirms that the proper date is February 15, 2011.
[6] [Doc. No. 1, p. 2]; [Doc. No. 13-4, p. 2].
[7] [Id.].
[8] [Id.].
[9] [Id.].
[10] [Id.].
[11] [Id.].

caused significant delays in his removal from the United States."[12] On May 8, 2026, Petitioner filed a petition for writ of habeas corpus seeking many remedies, including immediate release.[13]

## II. Standard of Review

A TRO is an equitable remedy that may be granted only if the movant satisfies all four prongs of a four-part test:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest.

*Sunbeam Prods., Inc. v. West Bend Co.*, 123 F.3d 246, 250 (5th Cir. 2020). The TRO is an "extraordinary remedy which courts grant only if the movant has clearly carried the burden as to all four elements." *Guy Carpenter & Co., Inc. v. Provenzale*, 334 F.3d 459, 464 (5th Cir. 2003) (citing *Kern River Gas Transmission, Co. v. Coastal Corp.*, 899 F.2d 1458, 1462 (5th Cir. 1990)).

## III. Law and Analysis

Petitioner's petition for writ of habeas corpus, among other requests, asks the Court to "[o]rder Petitioner's immediate release subject to the conditions of his prior OOS [i.e., Order of Supervision]."[14] Petitioner's Emergency Motion for TRO asks the "Court [to] order [Petitioner] released within 24 hours on the conditions of his May

[12] [Id.].
[13] [Doc. No. 1, p. 29].
[14] [Id.].

16, 2011, Order of Supervision."[15] The requested relief—restoration of Petitioner's Order of Supervision and release—is the exact same. As another Judge of this Court stated, "[s]eeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide my habeas petition now. The Court will not allow Petitioner to commit an end-run around the habeas process." *Rodriguez v. Lyons*, No. 25-cv-1926, 2025 WL 3553742, at *1 (W.D. La. Dec. 8, 2025). It is worth noting that Petitioner's circumstances have not changed in any legally relevant way. The only material difference between Petitioner's habeas petition and the memorandum in support of the Motion at bar is that the merits arguments are articulated within the first prong of the TRO standard. The fact that briefing on the underlying habeas petition has concluded does not alter this Court's analysis.[16]

In his supporting memorandum for the Motion for TRO, Petitioner acknowledges that the Court "will not use a temporary restraining order to reach the merits early," citing this Court's standing order and *Emetazi v. Warden Richwood Corr. Ctr.*, No. 3:26-cv-3742, 2026 WL 3169678, at *2–3 (W.D. La. Oct. 22, 2026).[17] Indeed, this Court has, on many occasions, reminded petitioners that an order for injunctive relief seeking the same remedy as the underlying petition for writ of habeas corpus is an inappropriate "end-run around the habeas process." *Rodriguez*, 2025 WL 3553742, at *1. Just within the last year, this Court counts at least sixty-three (63) such cases decided by the Western District of Louisiana. This includes

---

[15] [Doc. 17-1, p. 10].
[16] [Doc. No. 17, p. 2].
[17] [Id.].

several by the law firm representing the Petitioner.[18] The Court reminds counsel that the TRO is an "extraordinary remedy" that is only granted when relief is "unequivocally show[n]." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008); *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). Moreover, repeated requests for TROs in factually analogous cases burden this Court as a TRO, by its nature, requires immediate attention.

## IV. Conclusion

For the reasons set forth above,

**IT IS ORERED** that Pavel Magaña Roca's Emergency Motion for Temporary Restraining Order [Doc. No. 17] is **DENIED**.

MONROE, LOUISIANA, this 23rd day of November, 2026.

Terry A. Doughty
United States District Judge

[18] *See Khurguani v. Ladwig*, No. 25-cv-1959, 2025 WL 3553740 (W.D. La. Dec. 8, 2025); *Kesete v. Acuna*, No. 25-cv-1749, 2026 WL 916523, at *3 (W.D. La. Jan. 5, 2026); *Burashvili v. Ladwig*, No. 25-cv-1940, 2026 WL 63948, at *2 (W.D. La. Jan. 8, 2026); *Tefeh v. Warden Richwood Corr. Ctr.*, No. 26-cv-1013, 2026 WL 1122058, at *1 (W.D. La. Apr. 24, 2026); *Kumar v. Noem*, No. 26-cv-560, 2026 WL 1865900, *1 (W.D. La. June 29, 2026); *Eminzada v. Neal*, No. 26-cv-2211, 2026 WL 1907968, *2 (W.D. La. July 1, 2026); *Petit-Jean v. Doe*, No. 26-cv-3299, 2026 WL 2551991 (W.D. La. Sep. 9, 2026); *Perez-Gutierrez v. Adm'r Alexandria Staging Facility*, No. 26-cv-3195, 2026 WL 3034463, at *3 (W.D. La. Oct. 9, 2026).